UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

-------------------------------------------------------------------------x

Dr. Matthew Hutchinson

            Plaintiff,

     -against-

United States Department of Veterans Affairs,
Secretary Robert Wilkie

            Defendant(s).

-------------------------------------------------------------------------x

COMPLAINT

Civil Action No.

## COMPLAINT

Plaintiff Dr. Matthew Hutchinson ("Plaintiff" or "Dr. Hutchinson"), by and through his attorneys, as and for his Complaint against the United States Department of Veterans Affairs ("Agency"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## INTRODUCTION

Dr. Hutchinson is a radiologist at the Agency who in 2017 successfully appealed his termination by the Agency to its statutorily established Disciplinary Appeals Board. Following that decision the Agency has not returned him to his duties or awarded attorneys' fees in compliance with the Board's decision. He seeks enforcement of his rights in relation to that decision.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 38 U.S.C. § 7462(f) as well as 5 U.S.C. §§ 701-706, 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Defendant's medical center at which the events occurred is located here, and the Disciplinary Appeals Board ("DAB" or "the Board") hearing in which the case originated was held here.

3. Plaintiff brings this action for attorneys' fees and injunctive relief arising from the Defendant's violations of 5 U.S.C. § 5596(b)(A)(ii) and 38 U.S.C. § 7462.

## PARTIES

1. Defendant ("Agency") operates a medical center in the State of Alabama, County of Tuscaloosa, the Tuscaloosa VA Medical Center ("TVAMC"), providing medical care to veterans of the United States Military and located at 3701 Loop Rd, Tuscaloosa, AL 35404.

2. Dr. Hutchinson is a resident of the State of Alabama, County of Shelby, residing at 2040 Cahaba Crest Drive, Birmingham AL United States 35242 and also maintains a residence in the County of Tuscaloosa located at 3218 Veterans Memorial Parkway, Unit 3107, Tuscaloosa, AL 35404.

3. Dr. Hutchinson is employed by the Agency as a radiologist at TVAMC.

## FACTUAL ALLEGATIONS

4. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

5. Dr. Hutchinson has practiced diagnostic radiology for over thirty years.

6. During that time Dr. Hutchinson has had no malpractice claims or successful torts filed against him.

7. Dr. Hutchinson has been in federal service for approximately sixteen years.

8. Dr. Hutchinson's performance was most recently rated as highly satisfactory.

9. Prior to the events described herein Dr. Hutchinson has no history of disciplinary action.

10. On December 21, 2016 Dr. Hutchinson was found to be under the influence of alcohol while on duty and his privileges were immediately suspended.

11. Prior to December 21, 2016 Dr. Hutchinson never came to work intoxicated, consumed alcohol while at work, or engaged in any other improper behavior in connection to substance abuse in the workplace.

12. Dr. Hutchinson has expressed intense remorse for his actions, self-enrolled to the Alabama Physician Health Program ("Alabama PHP"), underwent extensive treatment for alcoholism, and has not had a single drink since.

13. PHP rehabilitation programs have a very high success rate of treating physicians who enroll.

14. In response to the incident, the TVAMC's Medical Executive Committee voted on January 23, 2017 to require Dr. Hutchinson to "comply with the State's recommendations[1]" and if he did so he should be allowed to keep his medical privileges at TVAMC.

15. A few weeks later on February 17, 2017, the Medical Executive Committee ("MEC") was convened for a second meeting to reopen its January 23rd decision to allow Dr. Hutchinson to retain his privileges if he pursued treatment through the Alabama PHP.

16. During the February 17, 2017 meeting of the MEC, the Agency added allegations regarding deficiencies in Dr. Hutchinson's record management practices and that Dr.

---

[1] The "State's recommendations refer to Alabama PHP which is overseen by the State's Physician Wellness Committee as set forth in Alabama state law.

Hutchinson practiced medicine without privileges to its prior allegations against Dr. Hutchinson.

17. At the February 17, 2017 meeting the MEC issued a new decision revoking Dr. Hutchinson's privileges regardless of his participation in the Alabama PHP.

18. On June 20, 2017 TVAMC's Director approved an Agency Removal and Revocation of Privileges action revoking Dr. Hutchinson's privileges and removing him from federal employment effective June 26, 2017.

19. The Removal and Revocation of Privileges was based on three charges; Charge 1, being under the influence of alcohol while on duty; Charge 2, documenting in patient reports without medical privileges; and Charge 3, improper documentation.

20. Dr. Hutchinson appealed the Removal and Revocation of Privileges action to the DAB.

21. The DAB is a statutorily established administrative appeals body specific to Department of Veterans Affairs Title 38 employees[2] that hears appeals of major adverse actions against such employees.

22. When the DAB hears an appeal three other Title 38 employees are appointed out of a pool of volunteers Title 38 employees[3] from across the Agency to form the DAB, hear the case, and render a decision.

23. A DAB hearing was held at TVAMC on November 6 and 7, 2017.

24. At the hearing Dr. Hutchinson did not contest Charge 1 but vigorously disputed Charges 2 and 3; he expressed intense remorse for his actions in Charge 1 while pointing out that

---

[2] Title 38 employees are medical employees of the Agency like doctors and nurses.
[3] Typically a DAB is made up of doctors if the appellant is a doctor and nurses if the appellant is a nurse.

it is standard practice set out in relevant VA regulations to give practitioners with alcoholism a chance to pursue rehabilitation.

25. The DAB issued a decision on the case on December 22, 2017 ("DAB Decision").

26. In its decision the DAB rejected Charges 2 and 3 in their entirety and overturned the Agency's Revocation of Privileges and Removal action against Dr. Hutchinson, replacing it with a 30-day suspension on the condition that he continue his rehabilitation program.

27. The Secretary of the Agency is authorized by statute to review a DAB decision within 90 days of its issuance and if the Secretary finds it to be clearly contrary to the evidence or unlawful may reverse or remand it; otherwise the Secretary must either mitigate the imposed penalty or cause the decision to be executed.

28. The Secretary designates the Agency's Principal Deputy Under Secretary for Health ("PDUSH") to review and execute DAB decision on his behalf.

29. Upon review of the DAB Decision by the PDUSH on the Secretary's behalf, the PDUSH caused the decision to be executed on February 13, 2018.  Dr. Hutchinson received the Agency's letter informing him of the PDUSH's decision on February 17, 2018.

### FIRST CAUSE OF ACTION
**(Misapplication of the Back Pay Act)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

31. At the DAB hearing, the proposing official, who had only been on the job ten days when he proposed Dr. Hutchinson's removal and only reviewed the evidence file presented to him, testified that he would not have proposed a removal if Charge 1 were the only charge before him.

32. In the DAB Decision "The Board formed the opinion that Charge 2 and Charge 3 were crafted in an effort to support eventual removal which Charge 1, based on the bylaws, would not."

33. Discussing its rejection of Charge 2, the Board found it "immediately clear. . . that the Medical Record had not been accessed or altered by Dr. Hutchinson."

34. The Board noted regarding Charge 2 that the software company whose medical data management program was at issue in the case had already explained to the Agency that the basis for the charge was incorrect and that response was available to the proposing and deciding officials.

35. The DAB noted regarding Charge 2 that "both [the] Proposing Official and Deciding Official misinterpreted the presence of a signature block, in an unsigned addendum as a signature," an obvious error that could have been identified by a cursory examination of the evidence at issue.

36. Finding that Charge 3, alleged improper documentation, was incorrect on its face the DAB noted the Agency expert who examined Dr. Hutchinson's cases for the Agency prior to the proposed removal testified than a 5% error rate is acceptable; and that Charge 3 is based on an alleged error rate of approximately 0.25% of over 20,000 reviewed cases.

37. The DAB further found that the alleged errors in Charge 3 were not significant clinical errors and were heavily contributed to by improper radiology software systems that TVAMC could have fixed.

38. The Board concluded that the Agency had "ignored alternative, more reasonable explanations for the number of addenda [Charge 3] and the appearance of the signature block [Charge 2]."

39. Regarding TVAMC's Director Mr. John Merkle, the DAB found:

    The testimony of the Director was less forthright. He was occasionally combative towards the Board, and there was a lack of consistency in his answers regarding the weight given to the charges in deciding upon the appropriate penalty, and what constituted altering the Medical Record. . . . The Director's testimony acknowledged that the by-laws and VA policy did not recommend removal as the preferred option for employees with substance abuse issues who were willing to seek help, yet opined that he could supersede these.

40. The Board noted in its opinion that Director Merkle admitted "he had not considered Dr. Hutchinson's explanations regarding Charges 2 and 3."

41. The DAB awarded Dr. Hutchinson back pay.

42. The PDUSH, in his execution of the DAB Decision, ordered the Agency to award back pay to Dr. Hutchinson.

43. Dr. Hutchinson timely submitted a petition for attorneys' fees under the Back Pay Act accompanied by a 49 page brief (including exhibits) on March 16, 2018.

44. On or about early January of 2019 the Agency sent a letter to Dr. Hutchinson dated January 3, 2019 denying all attorneys' fees in the case. The Agency's letter contained no legal or factual basis for its denial. Its full text consisted of just two sentences:

    The Office of General Counsel (OGC) review of the fee petition in the above-referenced matter is complete. We are denying a total recovery of $67,726 for the reason that Mr. Hutchinson was unable to show that fees and costs should be granted in the interest of justice.

WHEREFORE, Plaintiff, Dr. Matthew Hutchinson, demands judgment in his favor against Defendant, Acceptance Now, for attorney's fees and court costs for the DAB case and

this appeal of the Agency's fee determination pursuant to 5 U.S.C. § 5596(b)(A)(ii), 38 U.S.C. § 7462, and 5 U.S.C. §§ 701-706.

## SECOND CAUSE OF ACTION
### (Failure to Implement the DAB's Decision)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

46. On February 7, 2018 TVAMC began advertising an open position for a new radiologist, Physician – Chief Radiology Service Vacancy No 10121198.

47. In the Agency's letter dated February 12, 2018 executing the DAB Decision the PDUSH ordered TVAMC to return Dr. Hutchinson to duty by March 15, 2018.

48. TVAMC has never returned Dr. Hutchinson to work as a radiologist.

49. On February 23, 2018, Director Merkle sent Dr. Hutchinson a letter saying the removal and revocation of his privileges was being canceled but "because you have not been in direct patient care in excess of 90 days, you must be re-credentialed." That re-credentialing process treated Dr. Hutchinson as an initial applicant for credentials with no right to challenge a rejection of his credentials.

50. Dr. Hutchinson was concerned by this turn of events but reapplied for credentials in good faith.

51. On February 26, 2018 TVAMC interviewed Dr. Thakur Gautam for the position of Physician – Chief Radiology Service.  On August 1, 2018 TVAMC selected Dr. Gautam for the position.

52. On knowledge and belief Dr. Gautam never started work at TVAMC.

53. On April 5, 2018 the MEC met to discuss reinstating Dr. Hutchinson's privileges and recommended by a vote of eleven (11) to two (2) that he be reinstated, with one member recused.

54. On April 16, 2018 Director Merkle unilaterally rejected the MEC's recommendation to reinstate Dr. Hutchinson's privileges citing an allegedly ongoing full review of all of Dr. Hutchinson 4,075 reads through during FY 2015 through FY 2017.

55. Dr. Hutchinson was not informed that this meeting occurred or about the status of his application for credentials until December of 2018.

56. On November 19, 2018 TVAMC interviewed Dr. John G. Kahler for the position of Physician – Chief Radiology Service.  On December 6, 2018 TVAMC selected Dr. Kahler for the position.

57. On December 6, 2018 the TVAMC MEC was called for another meeting to discuss Dr. Hutchinson's privileges.

58. During the December 6, 2018 MEC meeting the MEC had questions regarding whether failing to reinstate Dr. Hutchinson's privileges would violate the DAB Decision and PDUSH order executing it.  A member of TVAMC's HR staff offered advice on the matter during the meeting.

59. During the December 6, 2018 MEC meeting TVAMC's management presented charges that Dr. Hutchinson engaged in "providing clinical guidance" without privileges following his reinstatement by the DAB and VACO as well as the results of the full review of Dr. Hutchinson's FY 2015 – FY 2017 reads.  That review claimed that 209 out of 4,075 reviewed radiological images required secondary review (5%) and 80 images were alleged to be potential errors by Dr. Hutchinson (1.96%).

60. An error rate of 3% - 5% is the standard of care for radiologists.

61. At the December 6, 2018 meeting, the MEC recommended against reinstating Dr. Hutchinson's privileges. The Director agreed and denied his request for privileges.

62. On December 11, 2018 the Agency sent Dr. Hutchinson a letter informing him that his request for clinical privileges had been denied and that without privileges he is "unable to provide any clinical care at the [TVAMC]."

63. On December 19, 2018 the TVAMC's Interim Chief of Staff proposed Dr. Hutchinson's removal from federal employment.

64. The Agency had begun preparing this proposed removal long before the December 6, 2018 MEC meeting.

65. On December 28, 2018 Dr. Hutchinson responded to the proposed removal via a letter from his counsel stating that the proposed removal is pretextual and the Agency remains out of compliance with federal law for failing to restore Dr. Hutchinson to his duties as a radiologist.

66. On January 17, 2019 the Agency rescinded the Proposed Removal against Dr. Hutchinson and has taken no further action against him as of the current date.

67. As of the current date Dr. Hutchinson still has not been returned to his duties as a radiologist.

WHEREFORE, Plaintiff, Dr. Matthew Hutchinson, demands judgment in his favor against Defendant, Acceptance Now, for injunctive relief pursuant to 38 U.S.C. § 7462, 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1361.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) That Dr. Hutchinson be awarded attorneys' fees in the amount of $67,726 for his successful appeal to the DAB and further reasonable attorneys' fees resulting from the instant action;

b) That Dr. Hutchinson be awarded injunctive relief restoring his clinical privileges at TVAMC and returning him to his duties as a radiologist at TVAMC;

c) That Dr. Hutchinson be awarded such other and further relief to which he is justly entitled.

Dated:  July 23, 2019                    Respectfully Submitted,

        /s/ David I. Schoen
By:  David I. Schoen, Esq.,
Alabama Bar No. 0860-O42D
2800 Zelda Road, Suite 100-6
Montgomery, AL, 36106
Phone: 334-395-6611
Fax: 917-591-7586
Email: Schoenlawfirm@gmail.com
*Attorneys for Plaintiff*

By Joshua Kahn, Esq.,
The Law Offices of Eric L. Pines, PLLC
Georgia Bar No. 623256
10101 Fondren Rd #575
Houston, TX 77096
Phone: (832) 533-3242
Fax: 888-215-0397
Email: josh@pinesfederal.com
*Attorneys for Plaintiff*

PRO HAC VICE APPLICATION
TO BE FILED